UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Yaisha Hodges,

    Plaintiff,

v.

Freddie Rufus, *et al.*,

    Defendants.

Case No. 2:24-cv-141

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Yaisha Hodges ("Plaintiff") objects to the Magistrate Judge's Report and Recommendation ("R&R"). ECF No. 7. For the following reasons, Plaintiff's objections are **OVERRULED**; the R&R is **ADOPTED**.

### I.     BACKGROUND

The Complaint lacks clarity. Plaintiff alleges a host of wrongdoing by Freddie Rufus ("Rufus") and other defendants. *See generally,* Compl., ECF No. 3. For example, Plaintiff alleges that Rufus wrongfully tampered with Plaintiff's medical records, hacked into Plaintiff's phone, kidnapped Plaintiff's son, broke into Plaintiff's apartment, and poisoned Plaintiff. *Id.* Although Plaintiff uses some legal phrases in her Complaint, she does not tie her factual allegations to any particular cause of action. *Id.*

Magistrate Judge Vascura conducted an initial screen under 28 U.S.C. § 1915(e)(2). ECF No. 4. After completing that initial screen, Magistrate Judge

Vascura issued the R&R, in which she recommended that the Court dismiss the Complaint for failure to state a claim. *Id.* The Magistrate Judge explained that because "Plaintiff's claims are predicated on allegations that rise to the level of being 'irrational or wholly incredible' and 'fantastic or delusional,'" the Complaint "fails to meet the facial plausibility standard such that it is legally frivolous." *Id.* at 4.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to.

## III. ANALYSIS

Plaintiff timely objected to the R&R. ECF No. 7. Like the Complaint, Plaintiff's objections are difficult to understand. *Id.* In any event, it seems that Plaintiff's objections fall into two categories. First, Plaintiff raises several factual objections, and, second, Plaintiff insists that she has asserted valid causes of action. *Id.*

The Court turns first to Plaintiff's factual objections. In these objections, Plaintiff either adds new factual allegations—perhaps to try to clarify her Complaint—or takes issue with the Magistrate Judge's characterization of the facts. *Id.* These objections are unpersuasive.

First, consider the new factual allegations. To begin, these new allegations were not before the Magistrate Judge and, therefore, are not properly raised in an objection. *See Moore v. United States Dep't of Agric.*, No. 17-5363,

2018 WL 1612299, at *2 (6th Cir. Jan. 31, 2018) (explaining that the Federal Magistrates Act "does not generally allow parties to raise new arguments or issues that were not presented to the magistrate." (citing cases)).

However, even if the Court considered these additions as amendments to the Complaint, they would not help Plaintiff state a claim. As with the Complaint, Plaintiff makes no attempt to tie her hodge-podge of convoluted factual allegations to any cause of action. Thus, to the extent these new allegations can be considered "objections," they are overruled.

Plaintiff's objections that the Magistrate Judge mischaracterized the facts are likewise unavailing. As with the new allegations, Plaintiff makes no argument about why a "correct" characterization of the facts would change the result (that Plaintiff fails to state a claim). Moreover, because these objections focus largely on semantics over substance, these "mischaracterizations" do not move the needle.

The Court now turns to Plaintiff's second category of objections: her insistence that she has valid causes of action. In one of these objections, Plaintiff merely states that she has "several valid reliefs," without further details. This amounts to little more than a general objection, which has the same effect as no objection. See Luna v. Roesch, No. 23-3258, 2023 WL 6231084, at *3 (6th Cir. Aug. 22, 2023) ("A general objection to a magistrate judge's report as the same effects as would a failure to object." (quotation marks and citation omitted)).

Plaintiff also objects that she "based" her claim on three federal criminal statutes: 18 U.S.C. § 1035, 18 U.S.C. § 1347, and 18 U.S.C. § 1201. ECF No. 7. None of Plaintiff's listed statutes expressly includes a private right of action. Federal courts generally do not "imply private rights of action in favor of the victims of violations of criminal laws." *Ohlendorf v. United Food & Com. Workers Int'l Union, Loc. 876*, 883 F.3d 636, 642 (6th Cir. 2018) (citation omitted). Accordingly, to the extent Plaintiff attempts to assert claims under those criminal statutes, those claim fail, and, as a result, this objection is unavailing.

In sum, all of Plaintiff's objections fail to persuade.

## IV. CONCLUSION

For these reasons, Plaintiff's objections are **OVERRULED**. The Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's claims for failure to state a claim on which relief may be granted.

The Clerk shall close the case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**